UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

V.                                                              CASE NO.: 8:21-CR-370-CEH-JSS

BRIDGITTE KEIM

_____/

**DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR SIGNIFICANT DOWNWARD VARIANCE**

1. **The Defendant entered a plea of guilty to one count of Bank Fraud, a violation of 18 U.S.C. Section 1344.**

On January 5, 2022, the Defendant entered a plea of guilty pursuant to a plea agreement with the United States. Sentencing is scheduled for April 8, 2022 at 1:30 p.m..

2. **The Defendant's Base Offense Level is 7 pursuant to USSG section 2G2.2** (Paragraph 37 of PSR)**.**

3. **Specific Offense Characteristics that affect the Offense Level:**

While the actual loss in this case is $121,659.56 (Paragraph 31 of the PSR), the Defendant recognizes that this Court may consider the "intended loss" which was over $550,000 but less than $1,500,000. In doing so, the Court may increase the offense level by 14. (Paragraph 38 of PSR).

In addition, since the Defendant was indeed an organizer or leader of the criminal activity, the offense level may be increased again by 4. Accordingly, the Adjusted Offense Level of 25 indeed appears to be lawful. (Paragraph 42 of PSR).

Pursuant to the plea agreement, the Defendant should receive the maximum decrease for acceptance of responsibility, which in this case should be three levels reducing the offense level to 22. (Paragraph 46 of PSR).

**4. The Defendant's Criminal History is a (0).  Criminal History Category 1.**

Accordingly, her guideline range is 41-51 months.  The Defendant, through this motion, and at sentencing, asks this Court to grant a downward variance to offense level 12 where her guideline range would be 12-18 months.

**5. Other Factors For the Court to Consider for Sentencing (3553 a):**

**Why should this Court grant a downward variance to Offense Level 12?**

Offense Level 12 (12-18 months incarceration) more accurately reflects what an appropriate sentence would be with the actual loss being $121,659.56 (under $550,000) and takes into account the otherwise exemplary life the Defendant has lived, her remorse, and that this crime was aberrant behavior.

**The nature and circumstances of the offense and the history and characteristics of the defendant:**

The Defendant concedes her actions in this case were the worst decisions in her life.  She would likewise point out that she is 52 years old and has otherwise lived an exemplary life full of unselfish, kind acts that benefitted her family, students, and strangers.  She has been a wonderful sister, a caring and model mother, and a supporting and loving daughter.  Certainly, her good deeds over the course of 52 years should temper the criminal decisions she made in this case.  She has worked as an educator in the Hillsborough County School System, as a tutor, and also a realtor.

She is worthy of a downward variance as this fraud crime is unlike anything she has ever done in her life. Not only does the Defendant have no prior record, there is no evidence of any type of fraud in her entire life. Her behavior in this case is truly aberrant behavior as noted in paragraph 121 of the PSR and a factor that the PSR identified as a factor that warrants consideration for a variance from the 41-51 month guideline range.

The Defendant has made it a point to return at least $7,500.00 of the money to the Government and has cooperated with their investigation meeting with the Government and federal agents at least three times.

The Defendant was released on a signature bond on January 5th, 2022 and has remained violation free since. She truly is an ideal candidate for a small prison and/or home detention sentence followed by supervised release.

**The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense:**

Just being charged with this crime has had a significant impact on the Defendant. She feels shame for her actions, she is depressed by what she has done, and she will now be a convicted felon which will no doubt end her ability to be a school educator. These consequences have already impacted the Defendant and are severe to this Defendant in particular.

A sentence of 12-18 months incarceration makes more sense than a sentence in the 41-51 month range. A longer period of incarceration is not needed to make the point to this Defendant that she was wrong and committed a selfish crime. The point of her wrongdoings has been made, rest assured.

**The kinds of sentences available:**

Granting the downward variance we seek and a sentence of 12-18 months incarceration is an available to this Court. It appears that this Court may order that half of the sentence term be served in prison and the remainder as home detention and community confinement.

**6. Defendant's Unopposed Request for Self-Surrender to begin Sentence in 30 days after sentencing.**

After her release on a signature bond, the Defendant has abided by all conditions of pre-trial release and been cooperative with the U.S. probation office. Her residence is suitable for successful completion of a sentence involving home detention.

She has no reason to fail to appear for a self-surrender to begin her sentence, and every reason to report timely if given the opportunity. She has a supportive and loving family and wishes to spend as much time with them before a sentence begins.

Respectfully Submitted,

__/s/_JC_____
Joe Caimano
FBN: 528374

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the United States Attorney's Office, 400 North Tampa, Street, Suite 3200, Tampa, Florida 33602, by U.S Mail Delivery, on this 2nd day of April 2022.

__Joe Caimano_____
JOE CAIMANO, ESQ.
613 South Boulevard
Tampa, Florida 33606
Phone: 813-431-6069
Florida Bar No.: 528374
caimanoj@hotmail.com